IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 22, 2025

**TORSAUNT LAMONT SHANKLIN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Montgomery County**
**No. CC-18-CR-20   William R. Goodman, III, Judge**

_____

**No. M2024-00604-CCA-R3-PC**

_____

After being convicted by a jury of multiple drug charges, possession of a firearm during the commission of or attempt to commit a dangerous felony, and three alternative counts of possession of a firearm by a convicted felon, Torsaunt Lamont Shanklin, Petitioner, was sentenced to an effective sentence of thirty-five years in incarceration. His direct appeal challenging the denial of a motion to suppress was unsuccessful. *State v. Shanklin*, No. M2019-01896-CCA-R3-CD, 2021 WL 1082043, at *1 (Tenn. Crim. App. Mar. 22, 2021), *perm. app. denied* (Tenn. May 12, 2021). Petitioner sought post-conviction relief primarily based on ineffective assistance of counsel. After a hearing, the post-conviction court denied relief. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Timothy F. Warren, Jr., Clarksville, Tennessee, for the appellant, Torsaunt Lamont Shanklin.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Robert J. Nash, District Attorney General; and Kayla McBride, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner was arrested and charged with a variety of drug and gun offenses after law enforcement searched his motel room. *Id.* at *1. Prior to trial, Petitioner filed a motion to suppress the evidence found in the motel room, claiming that he was asleep when officers

knocked on the door and that the room was not registered in his name. Petitioner insisted that there was no probable cause to search the room and that he did not consent to the search, so the search was an "illegal warrantless search[,]" and any evidence obtained from the subsequent search warrant should be suppressed. *Id.* at *2.

The trial court held a hearing on the motion to suppress. No evidence was presented at the hearing, but the parties discussed the facts in the affidavit supporting a charge for evading arrest, one of three arrest warrants in the case, as it was the only affidavit that "provided context for the issues raised." *Id.* Petitioner claimed an expectation of privacy in his motel room and argued that the officers had no right to be there. The trial court denied the motion, finding there was no expectation of privacy in the area outside the room and that officers "detected the odor of marijuana and proceeded to get a search warrant." *Id.* The trial court further found that the information contained in the search warrant affidavit supported probable cause for issuance of the warrant.

The proof at trial indicated that on August 15, 2017, Officer Adam Noble and Officer Tyler Weaver of the Clarksville Police Department went to a motel to execute an arrest warrant on a person with an outstanding warrant. While in the parking lot, they smelled marijuana coming from the building. They located the room they determined to be the source of the smell and knocked on the door. *Id.* at *3. Petitioner eventually opened the door and the smell "intensified." *Id.* Officers asked Petitioner to step outside to speak with them. Petitioner went back inside the room and tried to shut the door. *Id.* Officer Noble blocked the door with his foot and Officer Weaver grabbed Petitioner's wrist, escorting him outside the room. *Id.* Officer Weaver performed a protective sweep of the room based on Petitioner's "argumentative" nature and refusal to reveal if there was anyone else in the motel room and to avoid "destruction of any evidence." While Officer Weaver swept the room, Petitioner ran down a stairwell. Officer Noble chased Petitioner, caught him, and placed him under arrest. Hearing the noise from outside, Officer Weaver abruptly stopped the search of the room to assist Officer Noble.

After Petitioner was arrested, officers completed the sweep of the room. In plain view, officers saw dryer sheets stuffed in the air conditioner, a pack of cigarillos, and the insides of cigarillos in a trash can, all indications of drug use. Petitioner admitted to the officers that there was marijuana in the nightstand. A drug agent arrived on the scene and obtained a search warrant based on the smell of marijuana emanating from the room. *Id.* Upon searching the room, officers found twenty-one baggies of cocaine, seven baggies of marijuana, three digital scales, a loaded nine-millimeter handgun, several cellular telephones, a spoon with cocaine residue, boxes of plastic sandwich bags, partially smoked blunts, $2,100 in cash, Petitioner's wallet containing his driver's license, and paperwork with his name on it, including a receipt for a storage unit. *Id.* Petitioner's girlfriend had rented the motel room with him listed as a guest. *Id.* Forensic testing of the substances

found in the motel room revealed that there was a total of 6.68 grams of marijuana and 26.35 grams of cocaine. *Id.* at *5. After his arrest, Petitioner admitted that he both used and sold cocaine, smoked marijuana in the room, and owned the gun found in the room. *Id.*

Petitioner was ultimately convicted of possession of twenty-six grams or more of cocaine with intent to manufacture, sell, or deliver, simple possession of marijuana, possession of drug paraphernalia, and possession of a firearm during the commission of or attempt to commit a dangerous felony. Petitioner was also found guilty of the three alternative counts of possession of a firearm by a convicted felon. The felon in possession of a firearm convictions were merged, and the trial court imposed a total effective sentence of thirty-five years in prison as a career offender. *Id.* at *1.

On direct appeal, Petitioner challenged the trial court's denial of the motion to suppress. This Court affirmed the trial court's ruling, finding that Defendant had no expectation of privacy in the area outside his motel room and "no legal justification for a conclusion that the officers' smelling the motel doors somehow converted their presence into an unlawful search." *Id.* at *8. This Court also noted that officers were not required to secure a search warrant prior to a knock and talk. *Id.* Moreover, this Court noted that the officers obtained a search warrant based on the smell of the illegal substance coming from the motel room and that the evidence seized was admissible because it was obtained pursuant to a valid search warrant, so the trial court did not err in denying the motion to suppress. *Id.* at *10. The supreme court denied permission to appeal.

Petitioner filed a timely, albeit lengthy, pro se petition for post-conviction relief. Counsel was appointed and an amended petition was filed. The petition made various complaints about trial counsel's representation, but the crux of the petition focused on trial counsel's failure to argue the motion to suppress adequately. Petitioner complained that trial counsel "stipulated" facts instead of presenting testimony and ignored facts that could have supported the grant of the motion to suppress.

At the hearing, Petitioner testified that he filed a pro se petition for "ineffective assistance of counsel; violation of Fourth Amendment; violation of Fifth Amendment; violation of Ninth Amendment; violation of Fourteenth Amendment; and forced to enter into detainment; official oppression; official misconduct; and so on and so forth." Petitioner stated that trial counsel was ineffective because she could have "attacked" the motion to suppress in a different way and in general that she could have done "a better job than what she did."

Petitioner explained that he drafted a pro se motion to suppress and "found a few case laws" that could be used in his "favor." Petitioner gave the motion to trial counsel

and was disappointed that she did not use any of his arguments. He explained that the motion filed by trial counsel challenged the search on the basis that police "violated [his] reasonable expectation of privacy that should have been secured by the Fourth Amendment." Petitioner testified that he was "forbidden fruit" when the police came to his motel room because he was asleep.

Petitioner admitted that he did not testify at trial but claimed that the outcome may have been different if he testified. He "put his trust in [his] lawyer." Petitioner felt there "could have been a lot more done" by trial counsel. Specifically, on cross-examination, Petitioner testified that trial counsel should have objected to the affidavit in support of the search warrant and should have gone "into great detail" about why the evidence should have been suppressed. Petitioner acknowledged that he was not a licensed attorney.

Trial counsel testified that she filed a motion to suppress but did not remember whether she stipulated the facts at the suppression hearing. Trial counsel stated that the record would show if she stipulated facts. Trial counsel recalled the facts in Petitioner's case were "pretty clear." Trial counsel met with Petitioner and reviewed the discovery packet prior to filing the motion to suppress. Trial counsel recognized that the motion to suppress was based more on legal arguments than factual issues. Trial counsel recalled Petitioner gave her the name of at least one potential witness, but trial counsel could not locate that witness. Trial counsel testified that the witness ultimately became irrelevant because the witness would have provided testimony on a charge the State dismissed.

The post-conviction court determined that trial counsel "filed and effectively argued the motion to suppress." The post-conviction court referenced this Court's opinion on direct appeal where many of the grounds raised by Petitioner relating to the motion to suppress were found to be without merit. The post-conviction court determined that trial counsel's failure to argue a motion to suppress successfully did not amount to ineffective assistance. The post-conviction court found that Petitioner failed to prove the first prong of *Strickland* by clear and convincing evidence.

Petitioner appeals.

*Analysis*

On appeal, Petitioner argues that the post-conviction court erred in "not setting aside [Petitioner's] guilty verdict due to ineffective assistance of counsel." Specifically, he argues that counsel failed to properly prepare for and argue the motion to suppress. The State insists that the post-conviction court properly denied the ineffective assistance of counsel claim where Petitioner failed to prove the performance was deficient or that there was a reasonable probability that the motion to suppress would have been granted.

In order to prevail on a petition for post-conviction relief, a petitioner must prove all factual allegations by clear and convincing evidence. *Jaco v. State*, 120 S.W.3d 828, 830 (Tenn. 2003). Post-conviction relief cases often present mixed questions of law and fact. *See Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001). As such, we review a post-conviction court's findings of fact under a de novo standard with a presumption that those findings are correct unless otherwise proven by a preponderance of the evidence. *Id.* (citing Tenn. R. App. P. 13(d); *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997)). The post-conviction court's conclusions of law and application of the law to factual findings are reviewed de novo with no presumption of correctness. *Kendrick v. State*, 454 S.W.3d 450, 457 (Tenn. 2015).

When reviewing the post-conviction court's findings of fact, this Court does not reweigh the evidence or "substitute [its] own inferences for those drawn by the [post-conviction] court." *Fields*, 40 S.W.3d at 456. Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the [post-conviction court]." *Id.* (citing *Henley*, 960 S.W.2d at 579); *see also Kendrick*, 454 S.W.3d at 457.

The right to effective assistance of counsel is safeguarded by the constitutions of both the United States and the State of Tennessee. U.S. Const. amend. VI; Tenn. Const. art. I, § 9. When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, "the petitioner bears the burden of proving both that counsel's performance was deficient and that the deficiency prejudiced the defense." *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). To establish deficient performance, the petitioner must show that counsel's performance was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Further,

> [b]ecause a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component.

*Goad*, 938 S.W.2d at 370 (citing *Strickland*, 466 U.S. at 697). Additionally, review of counsel's performance "requires that every effort be made to eliminate the distorting

- 5 -

effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *see also Henley*, 960 S.W.2d at 579. We will not second-guess a reasonable trial strategy, and we will not grant relief based on a sound, yet ultimately unsuccessful, tactical decision. *Granderson v. State*, 197 S.W.3d 782, 790 (Tenn. Crim. App. 2006).

Establishing a claim for ineffective assistance of counsel based on counsel's failure in a motion to suppress, our supreme court has explained, "creates an additional step" in the traditional *Strickland* analysis. *Phillips v. State*, 647 S.W.3d 389, 404 (Tenn. 2022).

> The petitioner must prove that (1) a suppression motion premised on the alleged unconstitutional [ground] would have been meritorious; (2) counsel's failure to file such a motion on such grounds was objectively unreasonable; and (3) but for counsel's objectively unreasonable failure to raise [the] particular issue in a suppression motion, there is a reasonable probability that the verdict would have been different absent the excludable evidence.

*Id.* at 405. "The [p]etitioner must prove all three of these prongs in order for his claim of ineffective assistance of counsel to succeed." *Id.*

Here, Petitioner complains that trial counsel was unsuccessful in arguing the motion to suppress, not that counsel failed to file a motion altogether. Regardless, the post-conviction court found that trial counsel "filed and effectively argued" the motion to suppress but did not prevail. The post-conviction court noted that failure to succeed on a motion did not automatically indicate deficient performance. The post-conviction court reviewed this Court's findings on direct appeal, where this Court found that Petitioner did not have an expectation of privacy in the "detectible" odor of marijuana outside of his room. *Shanklin*, 2021 WL 1082043, at *8. This Court also determined the officers were lawfully outside the motel room and were not prohibited from knocking on the door. *Id.* at *9. This Court noted that the odor of marijuana coming from the room alone was sufficient probable cause for a search warrant and that the evidence was "seized pursuant to a search warrant." *Id.* Moreover, this Court concluded that the evidence from the room would be admissible because it was ultimately obtained pursuant to a search warrant.

Petitioner offered no proof at the post-conviction hearing that the motion would have been meritorious if trial counsel made other arguments and provided no explanation as to how the motion would have been granted if trial counsel had made a different argument. It is Petitioner's burden to present evidence supporting his claims and merely arguing that trial counsel could have done "more" is insufficient. Petitioner has failed to meet his burden. The record does not preponderate against the post-conviction court's findings that Petitioner failed to establish either prong of *Strickland* and that he failed to

show that trial counsel's actions were objectively unreasonable per *Phillips*. The judgment of the post-conviction court is affirmed.

s/ Timothy L. Easter
TIMOTHY L. EASTER, JUDGE
